# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

JOHN WILSON                                                                                         PLAINTIFF

V.                                                                          CAUSE NO. 3:18-CV-83-CWR-LRA

TOPRE AMERICA CORP., and                                                                          DEFENDANTS
ALICIA THOMAS

## ORDER

Before the Court are defendants' motions to dismiss. Docket Nos. 6, 12. The Court finds both motions well-taken.

**I.      Factual and Procedural History**

The following recitation is drawn from plaintiff John Wilson's complaint. Wilson started working for Topre America Corporation as a quality inspector in November 2013. In January 2017, he took time off through the Family and Medical Leave Act ("FMLA") due to a knee injury. He returned to work in April 2017. That June, while speaking with an employee in the Human Resources Department, Wilson expressed dissatisfaction with several of his supervisors and their job performance.

In August 2017, Wilson was informed by the Human Resources Department that a complaint had been lodged against him by a co-worker, Alicia Thomas. A few days later, Wilson reported to a meeting with Thomas, another co-worker named Walter Holmes, and staff from the Human Resources Department. The Human Resources employee articulated the complaint against Wilson as follows: while working one evening Wilson approached Thomas, told her there was money sticking out of her pocket, proceeded to put the money back in her pocket, and said "Your booty is soft." Holmes reported that he had not seen Thomas and Wilson together on the night of the alleged harassment. A few days after the meeting, Wilson was terminated.

Wilson's complaint alleges that Topre violated his rights under the FMLA by firing him in retaliation for taking FMLA leave. Wilson also alleges that Thomas tortiously interfered with his employment.[1] Topre and Thomas have both moved to dismiss the claims against them.

## II. Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). To proceed, the complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677–78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted).

## III. Discussion

> "To make a *prima facie* case of retaliation under the FMLA, the plaintiff must show that: (1) [he] was protected under the FMLA; (2) [he] suffered an adverse employment decision; and either (3a) [he] was treated less favorably than an employee who had not required leave under the FMLA; or (3a) the adverse decision was made because he took FMLA leave."

*McArdle v. Dell Prod., L.P.*, 293 F. App'x 331, 336 (5th Cir. 2008).

---

[1] Wilson has conceded that the FMLA claim is alleged only against Topre and the tortious interference claim is alleged only against Thomas. *See* Docket No. 14 ¶ 5.

2

Topre argues that Wilson's complaint draws no connection between his FMLA leave and his termination. Rather, Topre argues that Wilson's own complaint demonstrates that his firing was predicated on a series of events separate from his FMLA leave, including the complaints he made about his superiors and the sexual harassment claim lodged against him.

The Charge of Discrimination Wilson filed with the EEOC, which he included with his complaint, supports Topre's argument. There, Wilson says he "was falsely accused of sexual harassment and discharged." Docket No. 1-2. Wilson told the EEOC the false sexual harassment charge "was in retaliation for information I gave to a human resources representative who came to the plant to interview workers about morale and things going on in the workplace." *Id*. The complaint elaborates more fully on these details in the section styled "Statement of Facts." *See* Docket No. 1 ¶¶ 7–17. The factual section concludes: "On August 9, 2017, Plaintiff was terminated based on the false and unsubstantiated sexual harassment claim made by Sakesha Thomas." *Id*. ¶ 18. The lone FMLA reference in this factual section is that Wilson injured his knee in January 2017, had to take FMLA leave, and returned to work in April 2017. *Id.* ¶ 6.

Under the third prong of an FMLA retaliation claim, Wilson must plead that an adverse employment decision was made against him because he took FMLA leave. Wilson, however, affirmatively pleads that his termination was made for reasons other than his FMLA leave. Based upon the complaint and the Charge of Discrimination, Wilson was terminated after a co-worker lodged a sexual harassment complaint against him. Further, there is no suggestion that the sexual harassment allegation was made in retaliation for the FMLA leave. Wilson's own complaint makes it impossible for this Court to infer that he could be entitled to relief against Topre. Wilson has not stated a FMLA retaliation claim. It, therefore, must be dismissed.

Wilson requests permission to conduct discovery "to determine if evidence exists to support the causal connection." Docket No. 14 ¶ 3. But, as this Court has explained:

> A motion to dismiss is not designed to examine the plaintiff's evidence (or lack thereof). Rather, it is to see whether, accepting all of the allegations in the complaint as true, the plaintiff has stated a claim upon which relief may be granted. A plaintiff who has stated a claim need not have any discovery to survive a motion to dismiss. Similarly, a defendant who identifies an irremediable defect in the plaintiff's complaint need not be subjected to the costs of discovery only to later succeed at summary judgment; the case should end at the earlier juncture.

*Warnsley v. Cash, Inc. of Miss.*, No. 3:15-cv-735-CWR-LRA, 2016 WL 554880, at *1 (S.D. Miss. Feb. 10, 2016) (citation omitted).

Next, is Wilson's claim against Thomas. Mississippi law recognizes an action for tortious interference with employment by proving these elements:[2] "1) the acts were intentional and willful; 2) that they were calculated to cause damages to the plaintiffs in their lawful business; 3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant; and 4) that actual loss occurred." *Davis v. AutoZone, Inc.,* No. 3:03-cv-740-HTW, 2011 WL 4625492, at *7 (S.D. Miss. Oct. 1, 2011) (citing *Levens v. Campbell,* 733 So. 2d 753, 760 (Miss. 1999)). "Moreover, an interference is privileged and not wrongful and actionable if undertaken by someone in the exercise of a legitimate interest or right." *Id.* (citations omitted).

For Wilson to plead a successful claim of tortious interference against Thomas, he would have to allege that Thomas willfully intended to cause him harm in his employment. The complaint says that Thomas reported the allegation against Wilson, and that Wilson claims the allegation is false. As Thomas points out in her motion to dismiss, however, there is no allegation that Thomas

---

[2] As a federal statute, the FMLA claim presented this Court with original jurisdiction. The Court now exercises supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3), over the state law claim of tortious interference for the limited purpose of ruling on Thomas' motion to dismiss.

intentionally made her complaint to have Wilson fired. There is, in fact, not a single factual allegation that gives the Court the opportunity to infer Thomas' intent.

Thomas also argues that courts have been hesitant to recognize such a claim in cases that involve sexual harassment. *See Davis*, 2011 WL 4625492, at *7; *Snapp v. Ruan Transp. Corp.*, No. 1:05-cv-77-MPM, 2006 WL 2455922, at *16 (N.D. Miss. Aug. 22, 2006) ("The court is reluctant to extend the [tortious interference tort] to the facts of this [sexual harassment] case, given that the Mississippi Supreme Court does not appear to have done so to date"). Wilson provides no such cases to counter this argument. For these reasons, Thomas' motion to dismiss is also granted.

Because the motions are granted, this case is dismissed with prejudice. A separate Final Judgment will issue this day.

**SO ORDERED**, this the 18th day of December, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE